# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**TRAVIS RUTLEDGE**                                                                  **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 5:06cv64-RHW**

**SHERIFF REGINALD JACKSON**
**and DEPUTY L. GRAYSON**                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is [39], motion for summary judgment filed December 1, 2008, by Defendants Sheriff Reginald Jackson and Deputy LaShanda Grayson. Although Plaintiff's response to the motion was due by December 18, 2008,[1] Plaintiff has neither responded, nor requested any extension of time to respond to the motion, nor has he designated any medical expert witness who will support his claims.[2] Because this is a dispositive motion, the Court must address it on the merits. Local Rule 7.2(C)(2).

### Procedural History

Travis Rutledge filed this 42 U.S.C. § 1983 prisoner's civil rights lawsuit April 19, 2006, alleging Defendants violated his constitutional rights by denying him adequate medical care during his incarceration in the Wilkinson County, Mississippi jail. The Clerk issued process to Defendants on June 29, 2006, but the docket contains no return of service on that process by the U.S. Marshal. On March 13, 2008, the Court, *sua sponte*, noted the deficiency and ordered re-issuance of process to Defendants, which the U.S. Marshal served on March 21, 2008. [24] Defendants filed their answers, [25] and [26], on April 21, 2008. On May 19, 2008, U.S.

---

[1] Local Rule 7.2(C) and (D), *Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*.

[2] Plaintiff's expert designation was due by September 3, 2008.

1

Magistrate Judge Michael T. Parker recused, and the case was reassigned to the undersigned, who, by order entered May 27, 2008, set the case for omnibus hearing on June 19, 2008. The hearing was subsequently reset to July 2, 2008 due to Plaintiff's unavailability on the earlier date. At the hearing, all parties consented to jurisdiction by the U.S. Magistrate Judge [34] pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The case was accordingly reassigned to the undersigned for all purposes by order [36] entered July 10, 2008.

## The Facts

In his complaint and testimony at the omnibus hearing, Rutledge alleges that between July 5, 2003 and July 10, 2003, prior to his incarceration in Wilkinson County, he received outpatient treatment at the University Medical Center (UMC) in Jackson, Mississippi, for heart and right eye injuries resulting from a shotgun wound. Rutledge was on probation at that time on charges from Wilkinson County, and he was arrested three months later, on October 12, 2005, and placed in Wilkinson County jail pending a probation revocation hearing. Although Rutledge's complaint states he had a scheduled return appointment at UMC on December 5, 2005, "for them to remove the sutures from [his] right eye," he testified at the omnibus hearing that the appointment was actually for UMC doctors to determine *whether* to remove the sutures. Rutledge claims the attorney representing him in his criminal case notified Sheriff Jackson and Deputy Grayson of the appointment, and also unsuccessfully petitioned the Justice Court for an order of "Emergency Motion for Medical Treatment," but Rutledge was not returned to UMC on December 5, 2005.

Rutledge also testified at the omnibus hearing that during his incarceration in Wilkinson County, he had fevers[3] and passed in and out of consciousness, that he had a virus for which he

---

[3]Rutledge testified he had fever essentially the whole time he was jailed in Wilkinson County.

2

was not properly treated, and that prescribed medications were only sporadically dispensed. Rutledge testified he told Deputy Grayson, the warden of the jail, the medications he was supposed to receive. He stated he was in pain because he did not receive his medicine. Rutledge testified he went to the doctor three to five times for fever before he was incarcerated in the Wilkinson County Jail,[4] and he concedes he also saw a doctor through the Wilkinson County Sheriff's Department for fever after he was incarcerated. He testified jailers took his temperature, but did not know how to read a thermometer.

On December 6, 2005, Rutledge's probation was revoked and he was remanded to the custody of the Mississippi Department of Corrections (MDOC). Rutledge testified he was transferred out of Wilkinson County Jail on December 6, 2005. He is presently in custody of the Mississippi Department of Corrections, serving sentences totaling ten years for two convictions of burglary and one of possession of a firearm by a convicted felon. According to Rutledge, after he was placed in custody of the MDOC, he was returned to the eye specialist, who told him he could not find sutures in his eye.

On December 1, 2008, Defendants filed the instant motion for summary judgment, attaching as exhibits Plaintiff's 12-page Wilkinson County Jail File, which is identified in the motion as Exhibit A, but is actually Exhibit B; and 12 pages of medical records from the Catchings Clinic, identified as Exhibit B, but which is actually Exhibit A.

### Summary Judgment Standard

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a

---

[4]Rutledge later testified he never went to UMC for treatment of fever.

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). On a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). Rule 56(e) provides in part:

> When a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. <u>If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.</u>

Fed. R. Civ. P. 56 (e) (emphasis added). Thus, when a motion for summary judgment is filed and is accompanied by competent supporting evidence, a court may grant the motion if the opposing party fails to present controverting evidence. Fed. R. Civ. P. 56 (e). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992).

The moving party must show the absence of a genuine issue of material fact by affidavit or other evidentiary materials. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 n.2, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.

1994); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). For the Court to find there are no genuine material factual issues, the Court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for him. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-50, 106 S. Ct. at 2510-11 (1986).

If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. at 325, 106 S. Ct. at 2553-54. The nonmovant cannot discharge this burden by referring to the mere allegations or denials of his pleadings, but must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. See *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); Fed. R.Civ. P. 56(e). If the nonmovant fails to present evidence showing a genuine issue of material facts exists, "the summary judgment motion must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Deliberate Indifference to Serious Medical Needs

Rutledge claims that jail officials were deliberately indifferent to his serious medical needs, thereby violating his constitutional right, under the Eighth Amendment to the U.S. Constitution, to be protected from cruel and unusual punishment. To prove a violation under the Eighth Amendment, Rutledge must show that the defendants unnecessarily and wantonly inflicted harm on him. To establish violation of Eighth Amendment rights due to inadequate

medical care, he must prove: (1) the defendants displayed deliberate indifference to his illness; (2) his illness was serious; and (3) he was injured as a result of the jail officials acts or omissions regarding his illness. "Deliberate indifference to serious needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment."[5] To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident. The negligent rendering of medical care is insufficient to establish willful or deliberate indifference to a serious medical need.

The evidence before this Court indicates Rutledge can prove none of the elements of his claim. Rutledge has designated no expert to support his claims. Without expert medical testimony, no rational juror could find that Rutledge had a serious medical need during his brief stay in the Wilkinson County jail, much less that the Defendants were deliberately indifferent to any such need, or that Rutledge sustained any injury from lack of or delay in treatment of such a need. Rutledge was a prisoner in Wilkinson County jail less than two months, from October 12, 2005 until his probation was revoked on December 6, 2005, and he was remanded to the custody of the MDOC. The evidence before this Court indicates that he received treatment for his medical complaints during that time. The Catchings Clinic medical records indicate that Rutledge was treated for fever, shortness of breath and body aches on some unnoted date [39-2, p. 1]; for chest pains (painful respiration) and headache on October 27, 2005 [39-2, pp. 4, 9]; and for fever and chest pains on November 15, 2005 [39-2, p. 11] Although Rutledge claims he had fever (100-102°) the whole time he was in the Wilkinson County jail, only two pages of the

---

[5] *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).

medical records reflect his temperature,[6] and only one of them shows an elevated temperature: the undated record reflects a temperature of 100°[39-2, p. 1]; the October 27, 2005 record shows Rutledge's temperature was 98° [39-2, p. 4].

Rutledge's primary complaint is that the Wilkinson County officers did not take him to UMC for the December 5, 2005 appointment. However, he has presented no evidence showing that he sustained any injury from the delay in his return to UMC. Plaintiff's omnibus hearing testimony was that the December 5 appointment was simply for UMC doctors to determine whether they were going to remove the sutures at that time or some later date. Rutledge was not in the custody of Wilkinson County after his December 6, 2005 revocation hearing. After Rutledge was remanded to the custody of the MDOC, he was taken back to the eye doctor who found no sutures in his eye.

Even if Rutledge's medical care could somehow be deemed inadequate, that would not suffice to establish his Eighth Amendment claim.

> [n]ot all inadequate medical care rises to the level of an Eighth Amendment violation; "[it] is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." A plaintiff must prove "objectively that he was exposed to a substantial risk of serious harm: and that "jail officials acted or failed to act with deliberate indifference to that risk" which requires actual knowledge and deliberate disregard.

(Footnotes omitted). *Victoria W. v. Larpenter*, 369 F.3d 475, 483 (5th Cir. 2004). Because Rutledge lacks evidence to establish the essential elements of his claim of inadequate medical care, the undersigned finds that summary judgment is appropriate in this case. It is therefore,

---

[6] A September 9, 2005 record shows Rutledge's temperature as 99°, but this predated Rutledge's incarceration in Wilkinson County jail. [39-2, p. 3]

7

**ORDERED AND ADJUDGED**, that the Defendants' motion for summary judgment is granted, and judgment shall be entered in favor of both Defendants.

SO ORDERED, this the 6th day of February, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE